#3000002698



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 DEC -7 PM 2:31

DEPUTY CLERK___MS

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| Plaintiff, | § | |
| | § | 3-22CV2736-D |
| V | § | |
| | § | |
| TEXAS FEDERATION FOR | § | |
| CHILDREN PAC, INC | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Texas Federation for Children OAC, INC, ("Defendant") for Defendant's practice of sending of illegal and unwanted texts to consumers and to obtain damages and other redress caused by Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

**JURISDICTION & VENUE**

1.  The Court has subject matter jurisdiction over this action pursuant Texas Business and Commerce Code 305.053 ("TX 305") and 28 U.S.C. § 1331, as the claims arises under the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A)(iii), and 47 U.S.C. § 227(b)(1)(B), both of which provide for separate private rights of action. Plaintiff also makes claims under Texas Business & Commerce Code 302.101. ("TX 302"), § 64.1200(d)(1), and 64.1200(d)(2). The Court has personal jurisdiction because the tort occurred in Texas, the Defendant continually texts Texas residents, and derives revenue from Texas residents.

**PARTIES**

2.  Plaintiff is an individual who resides in Dallas County, Texas. Defendant is a corporation incorporated and existing under the laws of Texas and whose primary place of business is

6705 W Highway 290 Ste 50287, Austin, TX 78735. The Defendant's RA is listed as the CT Corporation System in the Texas Comptroller's website.

## COMMON FACTUAL ALLEGATIONS

1. Defendant, or its proxy, places unwanted texts to consumer cellphones for the purpose of re-electing Angie Chen Button, a Dallas GOP candidate.
2. The texts at issue in this case was sent by, on behalf of, and/or for the benefit of, and with the knowledge and approval of the Defendant.
3. By making unauthorized texts as alleged herein, Defendant has caused consumers like the Plaintiff actual harm. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such texts, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing texts and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such texts, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.
4. Furthermore, Defendant, or its proxy, acting on its behalf and for its benefit, sent the texts knowing that it trespasses against and interferes with Plaintiff's use and enjoyment of, and the ability to access his telephone, including the related data, software, applications, and hardware components.
5. Defendant or its proxy knowingly made, and continues to make repeated texts to consumers' telephones without the prior express consent of the recipients.
6. As such, the Defendant not only invaded the personal privacy of Plaintiff it also intentionally, repeatedly, and willfully violates the TCPA.
7. The TCPA and TX 305 were enacted to protect consumers from unsolicited telephone texts like those alleged in this case.
8. Unfortunately for consumers like the Plaintiff, the Defendant, in an attempt to collect as many donations as possible, engages in an extremely aggressive campaign that sends out thousands of texts a day to people who aren't even Republicans, aren't registered to vote,

or who aren't even of voting age.

9. In response to Defendant's unlawful conduct, Plaintiff files the lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone texting activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

10. Courts have ruled and the FCC has issued declarations stating that even if a company did not actually send a text, but had another do it on their behalf, then they become liable. It has also been established that when a company receives financial benefits from calls or texts sent by others, they become liable.

11. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.,* that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

12. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prof. Act of 1991,* 27 FCC Red. 1830, 1844, 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ,S 13 (1995).

13. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574, 1 (2013).

14. Under the TX 302, a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made.

15. Under, Texas Business & Commerce Code 301.001, the Defendant would be categorized as either a "Seller" or the "Owner", depending on who actually sent the text to the Plaintiff.

16. A person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation, including a solicitation initiated by an automatic dialing machine or a recorded message device. Tex. Bus. & Commerce Code § 302.002.

17. Tex. Bus. & Commerce Code 302.003 states that, "This chapter shall be liberally construed and applied to promote its underlying purpose to protect persons against false, misleading, or deceptive practices in the telephone solicitation business." This should translate into protecting consumers being inundated by solicitations for donations for political parties and candidates they have no interest in and violate the TCPA and TX 305.

18. The Plaintiff may seek damages under Texas law for violations of the TX 302 of up to $5000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney fees.

19. The Defendant does not possess the required certificate under the TX 302

**FACTS SPECIFIC TO PLAINTIFF**

20. Plaintiff is the owner and customary user of a residential cellphone number ending in 3341.

21. Plaintiff has been on the National DNC list since Dec 2011.

22. Plaintiff was texted from 903-698-6248 on Nov 1st, by 863-833-6468 on Nov 3rd, and by 903-484-6548 on Nov 7th. All texts were soliciting donations for the Defendant and urging a re-election of Angie Chen Button.

23. The Links in the text led to the Defendant's website.

24. At no time did Plaintiff ever provide any kind of consent, written or verbal, to be texted. To be clear, there was no relationship between the Plaintiff and Angie Chen Button or the Defendant whatsoever prior to the texts being sent. They magically pulled the Plaintiff's number out of thin air with the use of an ATDS.

25. Plaintiff is not even a registered Republican.

26. The telephone number that Defendant, or its agent, sent the text message to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming text messages pursuant to 47 U.S.C. § 227 (b)(1).

27. The text messages placed to Plaintiff's cellular telephone were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant or its proxy has/have the capacity to store numbers, or to randomly produce telephone numbers to send text messages using a random or sequential number generator. This is evidenced by:

    A. The generic content of the messages
    B. The frequency of the messages
    C. That there was no relationship between the parties.

    D. That the incoming messages are not monitored;

    E. That the number used to send the text messages does not accept incoming phone calls;

    F. That the Plaintiff's telephone number was produced using a random or sequential number generator.

    G. That the Plaintiff is not a registered Republican or on any potential "donor list" the Defendant had so they had no logical reason to have his phone number.

28. By making unsolicited texts as alleged herein, Defendant has caused Plaintiff actual harm, including: (a) the aggravation, nuisance, and invasion of privacy that result from the placement of such texts, (b) wear and tear on their telephones, (c) interference with the use of their phones, (d) consumption of battery life, (e) loss of value realized for monies consumers paid to their wireless carriers for the receipt of such texts, and (f) the diminished use, enjoyment, value, and utility of their telephone plans. But the most important and egregious damage is the loss of productivity from work.

29. Furthermore, Defendant sent the texts knowing they trespassed against and interfered with Plaintiff's use and enjoyment of, and the ability to access their phones, including the related data, software, and hardware components. The Defendant also knew they violated the TCPA.

30. In sending the text using an ATDS to a number on the DNC list without any kind of consent, the Defendant has violated both 47 U.S.C. § 227(b)(1)(B) and 227(b)(1)(A)(iii). The text has also violated the Tx 305 and the Tx 302, both of which provide private right of action outside of the TCPA.

31. While the Defendant is going to claim they are a political entity who is exempt DNC list, they are still required to obtain consent for texts. According to https://www.fcc.gov/rules-

political-campaign-calls-and-texts, "Political campaign-related autodialed or prerecorded voice calls, including autodialed live calls, autodialed texts, and prerecorded voice messages, are prohibited to cell phones, pagers or other mobile devices without the called party's prior express consent."

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, Plaintiff's proxy, sent a text on its behalf and with its consent, knowledge, and for its benefit, to the Plaintiff without having any consent to do so. The texts were made for the express purpose of soliciting donations that they financially benefit from. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for the offense. However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense , treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(b)(1)(B)
### Telephone Consumer Protection Act

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List Since December of 2011 because he does not want to be called or texted by entities who do not have his permission. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for the offense. However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense , treble damages of $1500 are more than appropriate.

### THIRD CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(1) requires that the Defendant have a written telemarketing policy with certain requirements. Defendant does not have one. Plaintiff is entitled to an award of at least $500 in damages for each such violation under 47 U.S.C. § 227(c)(5)(B). However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense , treble damages of $1500 are more than appropriate.

### FOURTH CAUSE OF ACTION
### Violation of TX 305

Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision … against the person who originates the communication …. " Tex. Bus. & Com. Code § 305.053(a). Therefore, the elements of a § 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021). Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1). Plaintiff also requests the Court award treble damages based on Defendants' knowing and/or intentional violations under § 305.053(c)(1). Plaintiff again seeks a permanent injunction requiring Defendants to cease placing illegal telemarketing texts.

### FIFTH CAUSE OF ACTION
### Violation of § 64.1200(a)(1)(iii)
### Texting a Cellphone with an ATDS

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(a)(iii) requires forbids the Defendant from sending texts using an ADTS. There is overwhelming evidence that the texts were sent by ATDS. Plaintiff is entitled to an award of at least $500 in damages for each such violation under 47 U.S.C. § 227(c)(5)(B). However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense , treble damages of $1500 are more than appropriate.

### SIXTH CAUSE OF ACTION
### Violation of 47 CFR § 64.1200(d)(4)
### Failure to Provide Identifying Information

Plaintiff incorporates the foregoing allegations as if fully set forth herein. 47 CFR 64.1200(d)(4) requires that Defendant provides the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The Defendant, or whomever sent the text, did not fulfill any of requirements, which was why the Plaintiff had to click the link and to see who was responsible for the text. Plaintiff is entitled to an award of $500-1500 in damages for each violation. 47 U.S.C. § 227(c)(5)(B). Plaintiff seeks treble damages of $1500 per call as the Defendant has displayed willful behavior in its TCPA violations. Plaintiff also seeks a permanent injunction requiring Defendant to provide their identifying information when making telemarketing calls.

### SEVENTH CAUSE OF ACTION
### Violation of TX 302

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Texas Business and Commerce Code § 302.101 states that a person (1) "may not make a telephone

and Commerce Code § 302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Under 302.001, the Defendant would be considered the "seller" or the "owner" and still be required to obtain the certificate despite not actually sending the texts.  Tex. Bus. & Com. Code § 302.101(a).  Plaintiff may exercise a private right of action under Tex. Bus. & Com. Code § 17.50. Plaintiff seek an award of $5,000.  Plaintiff also seeks a permanent injunction requiring Defendants to cease placing telemarketing texts to residents of Texas without a registration certificate.

## Prayer For Relief

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A.  An injunction enjoining the Defendant and their affiliates from engaging in the unlawful conduct set herein;

B.  An award of $1500 per text for Causes of Action 1-6 for the 3 texts received by the Plaintiff.

C.  An award of $5000 per call for the 7thth Cause of Action for the 3 texts received by the Plaintiff, plus additional damages for time spent in lieu of the Plaintiff hiring an attorney.

D.  An award of damages to the Plaintiff, as allowed by under the TCPA.

E.  An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity and such further relief as the Court deems necessary, just, and proper.

## Demand For Jury Trial

Please take notice that the Plaintiff demands a jury trial in this case

Dated: 12/7/2022          Respectfully submitted,

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

JS 44 (Rev. 10/20) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Lucas Horton

### DEFENDANTS
Texas Federation for Children PAC, INC.

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Travis
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080 214 909 3341

Attorneys *(If Known)*

RECEIVED
DEC - 7 2022
MS
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [x] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| | / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
TCPA violations of making calls with an ATDS to a consumer on the DNC list

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 42,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/7/2022
SIGNATURE OF ATTORNEY OF RECORD: Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____