IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2736-D |
| | § | |
| TEXAS FEDERATION FOR | § | |
| CHILDREN PAC, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Lucas Horton ("Horton") sues defendant Texas Federation for Children PAC, Inc. ("TFC"), alleging several violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, regulations implementing the TCPA, 47 C.F.R. § 64.1200, and related state law. In this discovery dispute, TFC moves to compel Horton to produce documents in response to two requests for production ("RFPs") and to answer four interrogatories. Horton opposes the motion and moves to compel TFC to produce documents in response to four RFPs and to answer one interrogatory. For the following reasons, the court grants in part and denies in part the parties' motions.

I

TFC moves to compel Horton to produce all copies of billing statements from 2021 to the present for any telephone number that received text messages for which Horton alleges TFC is liable (RFP No. 1); and copies of all telephone billing statements that show Horton was charged a fee for receiving any text messages for which he alleges TFC is liable (RFP

No. 2). Horton objects to RFP No. 1 based on relevance and objects to RFP No. 2 on the basis that he has already answered this request.

TFC also moves to compel Horton to answer interrogatories inquiring about the date, time, sender's telephone number, and money billed for the text messages for which Horton alleges TFC is liable (No. 8); the facts supporting his allegation that TFC used an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1) (No. 12); the websites, organizations, or other entities from which Horton consented to receive text messages (No. 17); and any lawsuits Horton has brought under the TCPA, including case numbers and districts where they were filed (No. 19). Horton objects to Interrogatory Nos. 8 and 12 on the ground that he has already answered them to the best of his ability; objects to Interrogatory No. 17 on the basis that it is neither relevant nor possible for him to produce the requested discovery; and objects to Interrogatory No. 19 based on relevance.

Horton moves to compel TFC to produce documents in response to four RFPs and to answer one interrogatory. Horton moves to compel TFC to produce all documents relating to the alleged purchase of Horton's telephone number (RFP No. 2); all documents and communications between TFC and the company hired to text Horton (RFP No. 4); all documents and communications between TFC and the Drogin Group ("Drogin Group") concerning their agreement for Drogin Group to send text messages for TFC (RFP No. 5); and all text message logs for text messages sent on behalf of TFC over the last four years (RFP No. 8). TFC objects that it need not seek discovery from third parties; that it has fully complied with the request; and that the requested production is subject to the attorney-client

privilege or work product protection.

Horton also moves to compel TFC to answer Interrogatory No. 8, which inquires about the manufacturer, model number, and name of the system used to text Horton. TFC maintains that it has responded fully and provided contact information for a third party that may better answer the interrogatory.

The court is deciding the motions on the briefs, without oral argument.

II

The court begins by reminding Horton of his obligation going forward to comply with the local civil rules of this court and the Federal Rules of Civil Procedure. These rules apply to Horton despite his *pro se* status. *See* N.D. Tex. Civ. R. 83. 14 ("*Pro se* parties must read and follow the local rules of this court and the Federal Rules of Civil Procedure."). N.D. Tex. Civ. R. 7.1(a) and (h) obligate Horton to attempt to confer before filing a motion to compel, and Rule 37(a)(1) imposes its own conference requirement: "The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(1). And Rule 33(b)(3) requires Horton to submit interrogatory responses under oath, and Rule 34(b)(2)(C) requires Horton to state whether he is withholding documents or information based on his objections to TFC's requested discovery. *See* Rule 33(b)(3), 34(b)(2)(C). Horton must cure the Rule 33(b)(3) deficiency by submitting verifications under oath for his responses to TFC's interrogatories. *See Samsung Elecs. Am., Inc. v. Yang Kun "Michael" Chung*, 321 F.R.D. 250, 293 (N.D. Tex.

2017) (Horan, J.) (requiring respondent to comply with Rule 33(b)(3)'s "'under oath' requirement" because interrogatories must, to the extent objections are not raised, be answered under oath). These verifications must be filed within 14 days of the date this memorandum opinion and order is filed.

### III

Under Rule 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Rule 26(b)(1). And under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or to respond to an interrogatory or request for admission. Rule 37(a)(3)(B)(iii), (iv).

In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant[.]'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request

- 4 -

would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

IV

The court turns initially to TFC's motion to compel a discovery response.

A

The court first considers the part of TFC's motion that relates to its RFPs.

1

RFP No. 1 requests that Horton produce "copies of all billing statements from 2021 through the present for any telephone number that received text messages for which [he] claim[s] TFC [] is liable to [him]." D. Br. (ECF No. 30) at 10. Horton's sole objection is that the requested discovery is not relevant.[1] Horton maintains that he has produced other "sufficient" evidence to show that he received text messages from TFC. TFC contends that RFP No. 1 seeks relevant information because Horton's claims may require TFC to pay damages and the court should permit discovery into Horton's billing statements evidencing an "economic expense associated with any text message at issue." D. Br. (ECF No. 30) at 10. The court agrees.

Horton has failed to carry his burden to show how TFC's request is not relevant. Horton only makes a boilerplate, stock objection, which is insufficient to defeat a motion to

---

[1]The court declines to address Horton's contention that the requested production is impossible because he changed his telephone service provider in June 2022 and can no longer access his prior billing statements. Horton did not raise this argument in his original objections to TFC's RFPs.

compel.  *See, e.g.*, *Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 1128730, at *2 (N.D. Tex. Apr. 15, 2022) (Fitzwater, J.).  As TFC points out, Horton's billing statements may be relevant to understand the damages he suffered.  Accordingly, the court grants TFC's motion to compel as to RFP No. 1.  Horton must make the requested production no later than the deadline specified *infra* at § VI.

2

RFP No. 2 requests that Horton produce "copies of all telephone billing statements that show [he was] charged a fee for receiving any text for which [he] claim[s] [TFC] is liable."  D. Br. (ECF No. 30) at 10.  Horton objects that the request is not relevant.  Horton also maintains that he informed TFC that he is on an unlimited telephone plan that does not bill for individual text messages and therefore cannot produce an itemized billing statement.

Horton has failed to carry his burden to show how TFC's request is not relevant. Horton again makes an improper boilerplate objection that is unsustainable.  *See supra* § IV(A)(1).  Horton also reads RFP No. 2 to require him to produce an "itemized" billing statement when in fact it does not.  RFP No. 2 seeks "all telephone billing statements that show [Horton was] charged a fee for receiving any text message for which [he] claim[s] [TFC] is liable."  D. Br. (ECF No. 30) at 10.  This RFP requests production of any billing statement that shows that Horton was charged a fee for receiving any text message, which may include Horton's current billing statement evidencing a preset fee for an unlimited text message plan.  Although the court cannot order Horton to produce documents that are not in his "possession, custody, or control," Rule 34(a), Horton may possess documents that are

responsive to RFP No.2 according to how it is worded. Accordingly, the court grants TFC's motion to compel as to RFP No. 2 to the extent Horton possesses a telephone billing statement that shows he was charged a fee for receiving any text message, whether on a per-text basis or as a preset charge to receive unlimited texts during a specified period. Horton must make the requested production no later than the deadline specified *infra* at § VI.

B

The court next turns to the part of TFC's motion that relates to its interrogatories.

1

TFC's Interrogatory No. 8 asks Horton to "list the date, time, sender's telephone number, and amount of money [he was] billed by the carrier for [each and every incoming text] message [he has received for which he alleges TFC is liable]." D. Br. (ECF No. 30) at 8. Horton objects that he produced video evidence with the date, time, and sender's telephone number for each text message he received and communicated that he cannot produce the amount he was billed by the carrier for each text message because he has an unlimited text message plan. TFC contends that Horton's video evidence does not show the date, time, or sender's complete telephone number.

Horton has failed to carry his burden. Horton does not dispute the relevance or proportionality of the information TFC seeks and only contends that he has already answered the interrogatory. Rule 33(b)(3) requires that "[e]ach interrogatory must . . . be answered separately and fully *in writing* under oath," which has been interpreted "to mean that it is 'technically improper and unresponsive for an interrogatory *to refer to outside material*, such

as pleadings, depositions, or other interrogatories.'" *Kleppinger v. Tex. Dep't of Transp.*, 2013 WL 12138545, at *2 (S.D. Tex. Jan. 3, 2013) (emphasis added) (quoting *Equal Rts. Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007)). Horton must answer Interrogatory No. 8 fully and completely, in writing, without reference to outside video evidence.[2] Accordingly, the court grants TFC's motion to compel an answer to Interrogatory No. 8. Horton must answer the interrogatory no later than the deadline specified *infra* at § VI.

2

TFC's Interrogatory No. 12 asks Horton to "describe completely all facts that support [his] allegation that '[t]he text messages placed to [his] cellular telephone were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1)." D. Br. (ECF No. 30) at 8. Horton objects on the basis that he has provided the facts supporting his allegation in response to TFC's motion to dismiss, which the court granted in part and denied in part. Horton also responds by citing case law that notes that "it is impracticable to expect plaintiffs to plead specific facts about a telemarketer's technological processes before they have the benefit of discovery." *Callier v. MultiPlan, Inc.*, 2021 WL 8053527, at *17 (W.D. Tex. Aug. 26, 2021). TFC replies that the court should disregard this case law because it refers to the

---

[2]The court has no occasion to determine how Rule 33(d) might apply in these circumstances because the potential role of this rule has not been raised. Rule 33(d) provides an option to the responding party (here, Horton) to produce business records if the answer to an interrogatory may be determined from the party's business records and the burden of deriving or ascertaining the answer will be substantially the same for either party. The responding party may answer by specifying the records that must be reviewed and giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Rule 12(b)(6) pleading standard, not to the standard for a motion to compel.

Horton has failed to carry his burden. As before, Horton does not dispute the relevance or proportionality of the information TFC seeks; he only contends that he answered the interrogatory when he responded to TFC's motion to dismiss. Horton may have provided some information that Interrogatory No. 12 now seeks, and Horton may in fact be unable to provide any more; however, Horton's answer to TFC's interrogatory is incomplete under Rule 33(b)(3). *See* Rule 33(b)(3). Horton must answer TFC's interrogatory fully and completely without reference to outside material, including other documents produced in this litigation. *See Kleppinger*, 2013 WL 12138545, at *2.[3] Horton's reference to another document makes it "impossible" for TFC "to determine whether an adequate answer has been given without an elaborate comparison of answers." *Bos. Ret. Sys. v. Uber Tech., Inc.*, 2023 WL 7311187, at *1 (N.D. Cal. Nov. 6, 2023) (internal citations and quotation marks omitted) (quoting *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000)).[4] Accordingly, the court

---

[3]*See supra* note 2 (noting that the court has no occasion to determine how Rule 33(d) might apply in these circumstances because the potential role of this rule has not been raised).

[4]The court emphasizes that Horton is only required to submit a verified answer to TFC's interrogatory by reviewing all sources of responsive information reasonably available to him. *See* Rule 33; *see also* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2177 (3d ed. 2023) (citing *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613 (5th Cir. 1977)) ("[I]nterrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry."). The court understands that Horton may not have knowledge of the telephone system used to contact him and the discovery stage may present him with his first opportunity to learn the precise technology TFC used. *See Callier*, 2021 WL 8053527, at *17; *see also Atkinson v. Pro Custom Solar LLC*, 2021 WL 2669558, at *1 (W.D. Tex. June 16, 2021).

concludes that the information is relevant and proportional to the needs of the case, and grants TFC's motion to compel an answer to Interrogatory No. 12.  Horton must answer the interrogatory no later than the deadline specified *infra* at § VI.

3

TFC's Interrogatory No. 17 asks Horton to "list all websites, organizations, or other entities from whom you have consented to receive incoming texts."  D. Br. (ECF No. 30) at 8.  Horton objects that the interrogatory seeks irrelevant information insofar as it requires Horton to know all the entities to whom he has given consent to text him, "from grocery stores to pharmacies to the USPS," since "smart phones were invented."  P. Resp. (ECF No. 32) at 3; *see also* D. App. (ECF No. 31) at 61.  TFC contends that the information is relevant and proportional because TFC should be able to discover "whether Horton has consented to receive text [messages] from any senders distributing text messages that may be similar to those at issue here."  D. Br. (ECF No. 30) at 9.

The court holds that Horton has carried his burden.  Although information about whether Horton consented to received texts messages from entities similar to TFC may be discoverable, Interrogatory No. 17 is framed in a way that requires Horton to produce information about dissimilar entities to whom he gave consent a decade ago.  The request as written would require Horton to recall a vast amount of information that is neither relevant nor proportional to the needs of the case.  Accordingly, the court denies TFC's motion to compel a response to Interrogatory No. 17.

4

TFC's Interrogatory No. 19 asks Horton to "describe completely all lawsuits [he has] brought as a Plaintiff under the TCPA (including the case numbers and districts in which they were filed)." D. Br. (ECF No. 30) at 9. Horton objects on the ground that the interrogatory seeks information that is not relevant because the information would be inadmissible at trial, and, regardless, it is public information that is equally accessible by TFC. TFC contends that the interrogatory seeks relevant information because Horton's response could reasonably lead to other matters that could bear on a claim or defense. Moreover, TFC posits, an interrogatory is not invalid merely because it seeks public information.

Horton has failed to carry his burden to show that he should be excused from answering Interrogatory No. 19 on the basis that it seeks inadmissible (and thus irrelevant) information. Under Rule 26(b)(1), information "need not be admissible in evidence" to be discoverable. Rule 26(b)(1). And Horton cannot resist answering an interrogatory simply because it seeks public information. The court can limit Horton's obligation to produce discovery if the information sought is available from some other source that is more convenient, less burdensome, or less expensive, but Horton must include evidence to show that his duty to produce responsive discovery should be limited on these grounds. *See* Rule 26(b)(2)(C)(i). Accordingly, the court grants TFC's motion to compel a response to Interrogatory No. 19. Horton must answer the interrogatory no later than the deadline specified *infra* at § VI.

V

The court next turns to Horton's motion to compel a discovery response.

A

The court first considers the part of Horton's motion that relates to his RFPs.

1

RFP No. 2 requests that TFC produce "[a]ll documents related to the purchase of [Horton's] number, including the list in [its] raw form." P. App. (ECF No. 33-3) at 6. TFC objects that it does not possess any responsive documents because its contractor, Drogin Group, obtained Horton's number from a commercially available list of Texas voters provided by another company, L2. In its response, TFC maintains that Horton should obtain the discovery directly from L2. Horton contends that TFC is resisting discovery because no list was used: his "number was automatically dialed as his name and number would not be on any list of registered voters that was purchased." P. Br. (ECF No. 33-1) at 3-4.

The court cannot compel TFC to produce documents that are not in its "possession, custody, or control." Rule 34(a). The burden is on Horton, as the party seeking discovery, to establish that TFC has control over the documents sought. *See Monroe's Est. v. Bottle Rock Power Corp.*, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004). "Documents are considered to be under a party's control for discovery purposes when that party has the right, authority, or practical ability to obtain the documents from a nonparty to the suit." *Hoffman v. L&M Arts*, 2013 WL 12284632, at *3 (N.D. Tex. Oct. 2, 2013) (Fitzwater, C.J.) (quoting *Shell Glob. Sols. (US) Inc v. RMS Eng'g, Inc.*, 2011 WL 3418396, at *2 (S.D. Tex. Aug. 3,

2011)).  Horton has not provided any evidence establishing that TFC "controls" L2 such that TFC has the right, authority, or practical ability to obtain the documents from L2 itself. Accordingly, the court denies Horton's motion to compel a response to RFP No. 2.

2

RFP No. 4 requests that TFC produce "[a]ll documents and communications exchanged between [TFC] and [Drogin Group] concerning the texts sent to [Horton]."  P. App. (ECF No. 33-3) at 6.  TFC objects that it has produced all non-privileged discovery and is only withholding an email between Esquire Steven Saxe ("Saxe") and John Drogin ("Drogin") regarding Horton's legal threats based on attorney-client privilege and work product protection.  Horton contends that the attorney-client privilege should not apply because Saxe is in-house counsel and Drogin is not his client, and alleges that TFC is withholding other non-privileged discovery.

TFC has failed to carry its burden to show that the email is privileged or protected because it has not provided sufficient facts to enable the court to make this determination. *See Celanese Corp. v. Clariant Corp.*, 2015 WL 9269415, at *1 (N.D. Tex. Dec. 21, 2015) (Horan, J.).  Nevertheless, the court cannot compel TFC to produce documents that are not in its "possession, custody, or control."  Rule 34(a).  Accordingly, the court grants Horton's motion to compel a response to RFP No. 4 to the extent it requires TFC to produce the sole email between Saxe and Drogin that TFC possesses.  TFC must make the requested production no later than the deadline specified *infra* at § VI.

3

RFP No. 5 requests that TFC produce "[a]ll documents, electronically stored information, or communications related to the agreement between [TFC] and [Drogin Group]." P. App. (ECF No. 33-3) at 6. TFC objects that the phrase "the agreement" is vague and ambiguous because TFC has contracted with Drogin Group for a variety of unrelated services. Horton contends that TFC "know[s] very well which agreement" RFP No. 5 contemplates because, when he "followed up with a more pointed request," TFC responded that there was no written agreement. P. Br. (ECF No. 33-1) at 5.

The court holds that TFC has carried its burden. Although information about whether TFC received Horton's telephone number from Drogin Group or L2 may be discoverable, Horton's RFP is framed so that TFC would be required to produce documents regarding agreements with Drogin Group that are not related to the claims and defenses in this case and not proportional to the needs of the case. Accordingly, the court denies Horton's motion to compel a response to RFP No. 5.

4

RFP No. 8 requests that TFC produce "[a]ll detailed text logs in their original electronic format for texts sent by third parties for the last four (4) years prior to the filing of the complaint." P. App. (ECF No. 33-3) at 7. TFC objects that the four-year time limit is overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. TFC also maintains that it is not obligated to produce discovery from a third party whom it does not control. Horton maintains that the time frame is not overbroad because it

is based on the four-year statute of limitations for TCPA claims and TFC does "control" the third party vendor as an "employer."  P. Br. (ECF No. 33-1) at 5.

TFC has failed to carry its burden to demonstrate that the discovery is not relevant or proportional.  TFC only makes boilerplate, stock objections regarding relevance and proportionality, which are insufficient to defeat a motion to compel.  *See Hunsinger*, 2022 WL 1128730, at *2.  Moreover, while Horton maintains that TFC "controls" "the sender of the texts" as its "employer" and thus should have an affirmative duty to seek that information itself, Horton provides no evidence for the court to determine whether TFC controls the vendor and/or subvendor.  *See* Rule 34(a).  Determining whether a party "controls" a non-party for purposes of discovery is a highly fact-specific inquiry, *see* 8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2210 (3d ed. 2023), and the court is unable even to identify the non-party "vendor and/or subvendor" in question.  *See* P. Br. (ECF No. 33-1) at 5; D. Resp. (ECF No. 36) at 4.  Accordingly, the court grants Horton's motion to compel a response to RFP No. 8 to the extent that TFC has possession, custody, or control of responsive documents.  TFC must make the requested production no later than the deadline specified *infra* at § VI.

B

The court turns finally to the part of Horton's motion that relates to Interrogatory No. 8.

This interrogatory asks TFC to "[i]dentify the manufacturer, model number, and name of the system used to text [Horton].  If [it] is unknown, why would [TFC] hire someone to

send text on [its] behalf without ensuring that the laws were followed?" P. App. (ECF No. 33-3) at 5. TFC objects that the interrogatory is overbroad, contains multiple subparts, and is argumentative. Moreover, TFC contends, it does not know the answer to the question and provides contact information for a third party (Ethan Gehrke ("Gehrke")) who may know the answer. TFC has also produced an affidavit from Gehrke addressing how the relevant texts were sent. Horton contends that "it is very easy for [TFC] to contact the company they hired to request this information." P. Br. (ECF No. 33-1) at 3.

TFC has failed to carry its burden to prove that the discovery is not relevant or proportional. TFC's unsupported, boilerplate objections are insufficient to defeat a motion to compel. *See Hunsinger*, 2022 WL 1128730, at *2; *see also McLeod*, 894 F.2d at 1485 (holding that objection to discovery request was "overly broad, burdensome, and oppressive," without a specific showing of how each question is overly broad, burdensome, or oppressive, is inadequate to voice a successful objection to an interrogatory).

Nonetheless, Rule 33 requires TFC to answer an interrogatory based on information as is available to it, and Rule 26(g)(1) requires "a reasonable inquiry." Rule 26(g)(1); *see* Rule 33. Thus courts have interpreted these rules to mean that

> [t]he answering party cannot limit his answer to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available to him including information available to his agents or representatives whether personally known to the answering party of not. If the answering party lacks necessary information to make a full, fair[,] and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to

obtain the information.

*In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 1959191, at *3 (E.D. La. June 27, 2007) (first quoting *Gen. Cigar Co. v. Cohiba Caribbean's Finest, Inc.*, 2007 WL 983855, at *3 (D. Nev. Mar. 30, 2007); and then quoting *Cont'l Ill. Nat'l Bank & Tr. Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991); and then quoting *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977)). TFC states that it answered Horton's interrogatory based on information available to it and provided Gehrke's contact information so that Gehrke could provide a full, fair, and specific answer. The court concludes that TFC has fulfilled its duty under the federal rules insofar as it has answered the interrogatory. Accordingly, the court denies Horton's motion to compel a response to Interrogatory No. 8.

VI

For the reasons explained, the court grants in part and denies in part the parties' motions to compel. The court grants TFC's motion to compel a response to RFP Nos. 1 and 2 and Interrogatory Nos. 8, 12, and 19, and it denies TFC's motion to compel a response to Interrogatory No. 17. The court grants Horton's motion to compel a response to RFP Nos. 4 and 8, and it denies Horton's motion to compel a response to RFP Nos. 2 and 5, and Interrogatory No. 8.

Both parties must make the productions and provide the answers required by this memorandum opinion and order no later than 28 days after it is filed. A document production may be made in any form (e.g., ESI) permitted by Rule 34, provided it complies with the 28-day deadline. And if Horton has not already done so, he must file the Rule

33(b)(3) verifications within 14 days of the date this memorandum opinion and order is filed. *See supra* § II.

  **SO ORDERED**.

  January 5, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE
