IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCAS HORTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-2736-D |
| | § | |
| TEXAS FEDERATION FOR | § | |
| CHILDREN PAC, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

*Pro se* plaintiff Lucas Horton ("Horton") moves under Fed. R. Civ. P. 41(a)(2) to voluntarily dismiss this action with prejudice. Defendant Texas Federation for Children PAC, Inc. ("TFC") opposes Horton's motion and separately moves for summary judgment and for Rule 11 sanctions. For the reasons explained, the court grants Horton's motion and dismisses this action with prejudice, with each party to pay his or its own costs. The court does not reach TFC's summary judgment motion. TFC's Rule 11 motion remains pending for decision in due course.

I

Horton sued TFC in December 2022, alleging several violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, regulations implementing the TCPA, 47 C.F.R. § 64.1200, and related state law. In April 2023 the court dismissed three of Horton's seven claims, leaving four claims remaining.

On February 1, 2024 TFC moved for summary judgment as to all remaining claims,

contending that written discovery and Horton's deposition had yielded no evidence that an automatic telephone dialing service ("ATDS") was used and that Horton had failed to allege that he received a telephone call solicitation.  Four days later, Horton filed the instant motion to dismiss under Rule 41(a)(2), seeking dismissal *without prejudice*.  Then, on February 16, 2024, he filed a statement of non-opposition to TFC's motion, conceding that he did not oppose TFC's summary judgment motion or oppose dismissal *with prejudice*.  The statement reads in full:

> The Plaintiff previously filed a motion to dismiss without prejudice, but now agrees to dismiss the action *with prejudice*, with each side paying its own costs as requested in the Defendant's motion for summary judgment.  He also do[es] not oppose Defendant's motion for summary judgment.

P. Stmt. (ECF No. 45) at 1 (emphasis added).  TFC agrees that Horton's claims should be dismissed with prejudice, but it requests that this result be achieved by granting its motion for summary judgment.  TFC maintains that Horton should bear both parties' costs.

II

The court turns first to Horton's Rule 41(a)(2) motion to voluntarily dismiss this action with prejudice.

A

Under Rule 41(a)(2), after a defendant has answered or moved for summary judgment (TFC has moved for summary judgment), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Rule 41(a)(2); *see In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

Unless the order states otherwise, the dismissal is without prejudice.  Rule 41(a)(2).

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 202 (N.D. Tex. 1988) (Fitzwater, J.) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). Voluntary dismissals "should be freely granted unless the non-moving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). "Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense." *Harris v. Devon Energy Prod. Co.*, 500 Fed. Appx. 267, 268 (5th Cir. 2012) (per curiam) (citing *In re FEMA Trailer*, 628 F.3d at 162).  "[T]he mere prospect of a second lawsuit" and the "additional expense . . . incurred in relitigating issues in another forum" are insufficient for plain legal prejudice. *Elbaor*, 279 F.3d at 317 & n.3.

"[F]aced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice."  *Id.* at 317.  If the court concludes that the nonmovant would not suffer plain legal prejudice, the district court should generally grant the dismissal.  *See id.*  But "[i]f the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Id*. at 317-18.  If a district court elects to grant the dismissal and impose conditions, the court

- 3 -

must give the plaintiff an opportunity to withdraw the motion to dismiss rather than accept the conditions.  *See id.* at 320.

"Allowing the court to attach conditions to the order of dismissal prevents defendants from being unfairly affected by such dismissal."  *LeCompte*, 528 F.2d at 604 (citation omitted).  "Attorney's fees are routinely imposed on voluntary dismissals without prejudice due to the risk that the defendant will be forced to relitigate its defense in another proceeding."  *Alexander v. State Farm Lloyds*, 2014 WL 549389, at *6 (S.D. Tex. Feb. 11, 2014) (citation omitted).  The harshest condition that a court can impose is dismissal with prejudice.  *See Elbaor*, 279 F.3d at 319.

Dismissal with prejudice is a final adjudication on the merits and a bar to further action by plaintiffs against defendants on the claims brought in this lawsuit.  *See Brooks v. Raymond Dugat Co.,* 336 F.3d 360, 362 (5th Cir. 2003) (citing *Schwarz v. Folloder,* 767 F.2d 125, 129-30 (5th Cir. 1985)); *see Schwarz,* 767 F.2d at 129 (noting that "[a]n adjudication in favor of the defendants, by court or jury, can rise no higher than this"), *overruled on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources,* 532 U.S. 598 (2001).

B

The court holds that TFC will not suffer plain legal prejudice from the requested dismissal because Horton is now asking that his lawsuit be dismissed *with prejudice*.  *See Schwarz,* 767 F.2d at 130 (concluding that dismissal with prejudice was not prejudicial to defendant because it barred further adjudication).  Dismissal with prejudice is the harshest

condition that a court can impose, *see Elbaor*, 279 F.3d at 319, but one that Horton appears willing to accept.  Conditions on dismissal are generally imposed when dismissal is *without prejudice*.  *See, e.g.*, *Alexander*, 2014 WL 549389, at *6 (noting that attorney's fees are routinely imposed on voluntary dismissals without prejudice due to the risk that the defendant will be forced to relitigate).

Given Horton's apparent willingness to accept dismissal with prejudice, if TFC is prejudiced at all, it is because prevailing on its summary judgment motion would enable TFC to recover its costs from Horton rather than bear them itself.  Otherwise, there is no apparent difference between dismissal of this lawsuit with prejudice under Rule 41(a)(2) and dismissal with prejudice as a result of granting summary judgment.  But requiring TFC to bear its own costs in this case will not cause it to suffer plain legal prejudice. This is because TFC has a pending Rule 11 motion that potentially affords TFC greater relief than it can secure by opposing Horton's motion: attorney's fees that are not necessarily available as part of an award of taxable costs.  *Compare* Rule 54(d)(1) (providing that costs other than attorney's fees should be allowed to the prevailing party unless a federal statute, the Rules of Civil Procedure, or a court order provides otherwise) *with* Rule 11(c)(4) (expressly providing for a sanction in the form of attorney's fees and other expenses directly resulting from a violation of the Rule).  TFC in fact seeks reasonable costs and attorney's fees via its motion for Rule 11 sanctions.  *See* D. Reply Br. (ECF No. 49) at 2 ("TFC PAC submits that awarding TFC PAC the reasonable costs and attorney's fees associated with defending this case is necessary to deter similar conduct by Horton in the future.").  The court concludes that no further

- 5 -

conditions on Rule 41(a)(2) dismissal with prejudice are necessary considering that TFC can pursue the same relief (costs) as well additional relief (attorney's fees) through its pending Rule 11 motion.

Accordingly, the court grants Horton's motion to dismiss and dismisses this action with prejudice, with each party to pay his or its own costs.

### III

Considering the court's ruling on Horton's Rule 41(a)(2) motion, it dismisses this action before reaching TFC's motion for summary judgment. TFC's Rule 11 motion, which was fully briefed as of April 18, 2024, remains pending and will be decided in due course.

\* \* \*

For the reasons explained, the court grants Horton's motion for voluntary dismissal with prejudice, with each party to pay his or its own costs. The court does not reach TFC's summary judgment motion. TFC's Rule 11 motion remains pending for decision in due course.

**SO ORDERED**.

April 23, 2024.

_Sidney A. Fitzwater_
SIDNEY A. FITZWATER
SENIOR JUDGE

- 6 -