IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS HORTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:22-CV-2736-D |
| § | |
| TEXAS FEDERATION FOR § | |
| CHILDREN PAC, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this action by *pro se* plaintiff Lucas Horton ("Horton") against defendant Texas Federation for Children PAC, Inc. ("TFC"), TFC moves for sanctions against Horton under Fed. R. Civ. P. 11. For the reasons explained, the court denies the motion.

I

The relevant background facts and procedural history of this case are largely set out in prior opinions and need not be repeated at length for purposes of deciding the instant motion.[1]

On February 1, 2024 TFC filed a motion for summary judgment as to all remaining claims. Four days later, Horton filed a motion to dismiss this suit *without prejudice* under Rule 41(a)(2), maintaining that, without additional parties and factual support, his claims

---

[1]*See Horton v. Tex. Fed'n for Child. PAC, Inc.*, 2023 WL 3136422, at *1 (N.D. Tex. Apr. 27, 2023) (Fitzwater, J.); *Horton v. Tex. Fed'n for Child. PAC, Inc.*, 2024 WL 68572, at *1 (N.D. Tex. Jan. 5, 2024) (Fitzwater, J.); *Horton v. Tex. Fed'n for Child. PAC, Inc.*, 2024 WL 1748022, at *1 (N.D. Tex. Apr. 23, 2024) (Fitzwater, J.).

should be dismissed.

On February 16, 2024 TFC served Horton with a second motion for sanctions. That day, Horton filed a statement of non-opposition to TFC's motion for summary judgment and conceded that he did not oppose TFC's summary judgment motion or dismissal *with prejudice*.

On March 1, 2024 TFC served Horton with a third motion for sanctions. On March 25, 2024 TFC filed the instant motion for Rule 11 sanctions, which is based on several grounds: (1) that Horton waited until after TFC moved for summary judgment to seek dismissal without prejudice to add defendants against whom he could have timely asserted a claim; (2) that Horton filed and continued this case despite his knowledge—as a serial TCPA litigant—that it lacked legal support; and (3) that Horton filed and continued to litigate this case despite his knowledge that discovery would not substantiate his factual allegations. The motion requests that the court impose monetary sanctions and award attorney's fees.

The court is deciding the motion on the briefs, without oral argument.

II

Rule 11 authorizes a court to impose sanctions on an attorney or unrepresented party who files a pleading, written motion, or other paper "for an improper purpose such as to harass the opposing party, delay the proceedings, or increase the cost of litigation." *Houston v. Sw. Airlines*, 2020 WL 774408, at *1 (N.D. Tex. Feb. 18, 2020) (Rutherford, J.) (citing Rule 11(b), (c)). But Rule 11 was amended in 1993 to add, *inter alia*, a 21-day "safe harbor" provision. *See* Rule 11(c)(2). Under Rule 11(c)(2), a motion for sanctions cannot be filed

or presented to the court until at least 21 days after the motion is served. *See id.* "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.*; *see also* Rule 11 advisory committee's note to 1993 amendments (discussing "safe harbor" provision of Rule 11(c)(2)). The court cannot impose sanctions under Rule 11(c)(2) unless the party seeking sanctions fully complies with the procedural requirements. *See Uptown Grill, LLC v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 388 (5th Cir. 2022) ("[Rule 11's] 'safe harbor' provision [] is a mandatory prerequisite for a Rule 11 motion.") (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). Accordingly, "[i]f and only if, 'the challenged paper, claim, defense, contention, or denial' is not 'withdrawn or appropriately corrected' within the 21-day period may the motion then 'be filed or . . . presented to the court.'" *Margetis v. Furgeson*, 666 Fed. Appx. 328, 331 (5th Cir. 2016) (per curiam) (quoting Rule 11(c)(2)).

The purpose of Rule 11(c)(2)'s "safe harbor" provision is

> to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.

Rule 11 advisory committee's note to 1993 amendments. The "safe harbor" provision "largely serves to protect the allegedly offending party and to prevent 'litigating the merits or demerits of the offending pleading or motion, thus ending the matter.'" *Ports Am.*

*Gulfport, Inc. v. Johnson*, 2023 WL 35776, at *3 (E.D. La. Jan. 3, 2023) (quoting *Malbrough v. Kilpatrick & Stocktown, LLC*, 1999 WL 643663, at *2 (E.D. La. Aug. 23, 1999)).

### III

Horton asserts that he remedied his alleged sanctionable offenses sufficiently to fall under Rule 11's "safe harbor" provision because he voluntarily dismissed his suit with prejudice. TFC maintains that even though Horton voluntarily dismissed his claims against it, Horton remains subject to sanctions because he filed putatively frivolous claims.

The language and intent of Rule 11(c)(2)'s "safe harbor" provision preclude imposing sanctions on Horton after he sought to voluntary dismiss his suit with prejudice within the 21-day safe harbor period. Rule 11(c)(2) provides that a motion for sanctions must not be filed or presented to the court "if the challenged paper, claim, defense, contention, or denial is *withdrawn or appropriately corrected* within 21 days after service[.]" Rule 11(c)(2) (emphasis added). Persuasive in-circuit authority suggests that a voluntary dismissal within the safe-harbor period sufficiently "withdraws" an erroneous statement. *See Brabham v. O'Reilly Auto., Inc.*, 274 Fed. Appx. 373, 377-78 (5th Cir. 2008) (per curiam). Here, it is undisputed that, after receiving TFC's second motion for sanctions, Horton immediately filed a statement of non-opposition to TFC's motion for summary judgment and conceded that he did not oppose TFC's summary judgment motion or dismissal *with prejudice*. Horton's attempt to dismiss his suit with prejudice—which the court later approved—"withdrew or appropriately corrected" any alleged sanctionable offenses under Rule 11(b)(1) regarding his prior motion to dismiss without prejudice or under Rule 11(b)(2) and (3) regarding his

putatively frivolous claims. Moreover, the Fifth Circuit underscores that "the purpose of the 21-day "safe harbor" provision" is "to provide a litigant the opportunity to withdraw challenged pleadings *and thereby avoid sanctions*." *Martin v. Bravenec*, 627 Fed. Appx. 310, 313 (5th Cir. 2015) (per curiam) (emphasis added) (citing *In re Pratt*, 524 F.3d 580, 586-87 (5th Cir. 2008)). To sanction Horton after he sought to dismiss all of his claims against TFC with prejudice would be contrary to the intent of the "safe harbor" provision that encourages litigants to terminate unsupportable litigation to avoid sanctions. *See, e.g.*, *Pratt*, 524 F.3d at 586-87.

TFC does not persuasively suggest that another outcome is warranted. TFC maintains that Rule 11 motions alleging that there is no factual support for the institution of the action itself should not be initiated until after a reasonable opportunity for discovery. The court adjudicates on a case-by-case basis "the question as to when a motion for a violation of Rule 11 should be served and when, if filed, it should be decided." Rule 11 advisory committee's note to 1993 amendments. Here, the court-ordered discovery deadline expired on January 2, 2024. Horton withdrew any opposition to TFC's summary judgment motion and agreed to dismiss the case with prejudice on February 16, 2024. Assuming that it was proper to initiate its Rule 11 motion challenging, *inter alia*, the institution of the action itself, TFC does not adequately address why Horton's attempt to secure voluntary dismissal *with prejudice* shortly after the close of discovery does not correct the alleged sanctionable conduct.[2]

---

[2]TFC's motion also fails to comply with Rule 11(c)(2)'s "safe harbor" provision to the extent that TFC has not appended the motion served on Horton; the court cannot confirm

Because Horton's conduct is sufficient under Rule 11's "safe harbor" provision to defeat TFC's motion for sanctions, the court denies the motion.

\* \* \*

For the reasons explained, the court denies TFC's motion for sanctions.

**SO ORDERED**.

May 29, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

whether the motion served and the motion filed are identical. *See Uptown Grill*, 46 F.4th at 389 (holding that Rule 11's "safe harbor" provision requires "identicality" between the motion served and filed).